## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL SMITH, individually and on behalf of all similarly situated individuals,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EXAMWORKS, LLC, and GOVERNMENT EMPLOYEES INSURANCE COMPANY<br><br>　　　　　　Defendants. | Case No. ___21-2746___<br><br><br><br><br><br>JURY TRIAL DEMANDED |

### CLASS ACTION COMPLAINT

On his behalf and on behalf of others similarly situated Plaintiff Michael Smith, by his undersigned attorneys, does hereby sue Defendants ExamWorks, LLC and Government Employees Insurance Company and says:

### <u>INTRODUCTION</u>

1.  This case involves prerecorded robocalls by ExamWorks, LLC ("ExamWorks") on behalf of Government Employees Insurance Company ("GEICO") (jointly as "Defendants") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

2.  Plaintiff Smith and the putative class members did not provide either ExamWorks or GEICO with their cellular phone numbers or otherwise  consent to receive prerecorded messages from ExamWorks or GEICO on their cellular telephones.

1

119517

3.   By effectuating these unauthorized pre-recorded voice message calls, Defendants caused actual harm, not only by subjecting consumers to the aggravation that necessarily accompanies prerecorded calls,  but also because consumers must take time interacting with the prerecorded calls, frequently must pay their cell phone service providers for the receipt of such calls, and because such calls invade a person's expectation of privacy, diminish cellular battery life, waste data storage capacity, and intrude upon their seclusion.

## II. JURISDICTION AND VENUE

4.   The Court has jurisdiction over this class action lawsuit under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Venue in this District is proper because a substantial part of the acts and transactions giving rise to these claims occurred in this District, and because GEICO is headquartered in this District.

## III. INTERESTED PARTIES

5.   Plaintiff, Michael Smith (hereinafter, "Plaintiff" or "Mr. Smith"), is a natural person, and a resident of the State of Minnesota, residing in Ramsey County, Minnesota.

6.   Defendant Government Employees Insurance Company ("GEICO") is a Maryland corporation and is headquartered at 5260 Western Avenue, Chevy Chase MD 20185.

7.   GEICO is the second largest auto insurance company in the United States.

8.   Defendant ExamWorks, LLC ("ExamWorks") is a Delaware Limited Liability Company and is headquartered at 3280 Peachtree Road NE, Suite 2625, Atlanta GA 30305.

9.   ExamWorks clients include insurers, such as GEICO to provide medical reports to clarify, resolve or settle a case.

119517

10. ExamWorks operates throughout the United States.

## IV. TCPA PROHIBTS UNWANTED CALLS TO
## CELL PHONES USING PRE-RECORDED VOICES

11. The TCPA prohibits any unconsented, non-emergency phone calls to a cell phone using a prerecorded voice. See 47 U.S.C. § 227(b)(1).

12. According to the Federal Communication Commission ("FCC"), which is the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are often charged for incoming calls whether they pay in advance or after the minutes are used. *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

13.  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  See 47 U.S.C. § 227(b)(3).

## V. FACTUAL ALLEGATIONS SPECIFIC TO MR. SMITH

14. On April 30, 2021, Mr. Smith was a passenger in a motor vehicle involved in a motor vehicle collision that required medical care.

15. At the time of this collision, the vehicle's owner's motor vehicle insurance carrier was the Government Employees Insurance Company (hereinafter "GEICO").  Plaintiff was not a customer or policyholder of GEICO.

3

119517

16. GEICO contracted with ExamWorks to conduct an adversarial medical examination in relation to the claim that Plaintiff filed with GEICO.

17. On or before August 20, 2021, GEICO provided ExamWorks with Plaintiff's contact information, including his cellular telephone number, and instructed or authorized ExamWorks to contact Plaintiff's cellular telephone.

18. At no time did Plaintiff provide his cellular telephone number to GEICO or ExamWorks, and Plaintiff did not provide GEICO or ExamWorks with consent to call his cellular telephone number.

19. On or about August 20, 2021, ExamWorks invaded Mr. Smith's privacy by calling his cellular telephone number ending in 8391, with a generated text message to attend an adversarial examination for GEICO's use and benefit that ExamWorks scheduled for him.

20. The purpose of ExamWorks' text to Mr. Smith's cellular telephone number ending in 8391 on August 20, 2021, was not to provide Mr. Smith with any medical advice, but instead at the direction of GEICO for its use against Plaintiff relating to the insurance claim.

21. ExamWorks also invaded Mr. Smith's privacy again by calling him with a pre-recorded voice call to his cellular telephone ending in 8391 on August 20, 2021, with the following message:

> …regarding an upcoming medical examination from Exam Works. To hear this message in Spanish, please press 1. Para escuchar este mensaje en español, presione uno. This is an appointment reminder call for Michael Smith. You have an upcoming medical examination scheduled with Dr. Jeffrey Nipper on Saturday August 21, 2021 at 11:30 AM at 1585 Blaire Avenue, St Paul Minnesota, 55104. Please bring your photo ID to the exam. A mask will be required to enter the exam facility. Please make sure you bring your own mask as it will not be provided by the examining physician. Also, please listen to the following questions carefully. If your answer to any of these questions is Yes, please call 952-229-8500 to discuss your upcoming examination. Question 1: have you been diagnosed with COVID-19 in the last 14 days? Question 2: have you had fever, chills, cough, shortness of breath,

4

sore throat, or any other flu like symptoms within the past 14 days? Question 3: have you traveled internationally in the past 14 days? Question 4: have you had close contact, defined as closer than six feet for ten minutes or more, with someone who has been diagnosed with or suspected to have COVID-19 in the past 14 days? Question 5: have you been mandated to go into quarantine by your physician or a department of health within the past 14 days? If you answered Yes to any of these questions, please call our office at 952-229-8500 to discuss your examination. Please press 2 to confirm this appointment. If you have any questions regarding this appointment, please press 3 to be connected to an office representative or call 952-229-8500. To repeat this message, please press 9. Thank you.

22. ExamWorks placed additional, unauthorized calls on behalf of GEICO to Mr. Smith's cellular telephone, which again invaded Mr. Smith's privacy, on at least September 20, 2021, September 21, 2021, September 22, 2021 and September 23, 2021 with a pre-recorded voice call, to try to get him to agree to attend a second adversarial examination ExamWorks scheduled for him for GEICO's benefit in adjusting Plaintiff's insurance claim.

23. Neither Defendant had consent to place these prerecorded calls to Plaintiff's cellular telephone number ending in 8391. Mr. Smith did not provide GEICO or ExamWorks his cellular telephone number ending in 8391, nor asked to be called by them at his cellular telephone number ending in 8391 for any reason

24. Given ExamWorks' extensive use of prerecorded voice messages to attempt to contact consumers on behalf of its clients, including GEICO, there are likely thousands of putative class members as further described herein.

## GEICO'S LIABILITY FOR THE PRERECORDED CALLS

25. The FCC has explained in its January 4, 2008 ruling, that a company on whose behalf a telephone call is made bears the responsibility for any violations. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559,

119517

565 (January 4, 2008) (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

26. Here GEICO contracted with ExamWorks to communicate with claimants, provided ExamWorks with the cellular telephone numbers to be called, and knowingly and actively accepted the benefit of scheduling the examinations in order to use them against the claimants in adjusting claims.

27. By hiring a company to make calls on its behalf, GEICO "manifest[ed] assent to another person . . . that the agent shall act on the principal's behalf and subject to the principal's control" as described in the Restatement (Third) of Agency.

## VI. CLASS ACTION ALLEGATIONS

28. This action is brought on behalf of all the following class and sub-class:

(a) TCPA Prerecorded Class consists of: (1) All persons in the United States who were called with a pre-recorded voice message by ExamWorks (or any party on behalf of ExamWorks); (2) to their cellular telephone provided to ExamWorks by GEICO; (3) during the four-year period prior to filing the complaint in this action through the date of certification; and (4) where the called party did not provide the cellular number called to either GEICO or ExamWorks.

(b) Non-GEICO Policyholder Sub-class of all persons in the TCPA Prerecorded Class who were not GEICO customers or policyholders at the time of the prerecorded message to their cellular telephone.

6

119517

29. Excluded from the Classes are Defendants, their legal representatives, assigns, and successors, and any entity in which ExamWorks or GEICO have a controlling interest. Also excluded from the Classes are the Judge to whom this case is assigned, the Judge's immediate family, and Plaintiff's counsel and their employees. Plaintiff reserves the right to amend the above-stated class and sub-class definitions based on facts learned in discovery.

30. Plaintiff alleges on information and belief, based on Defendants national scope and use of auto generated text messages and pre-recorded voice messages, that the Classes are so numerous that joinder of all members is impractical. There are more than 41 individuals in the Class and Sub-Class as defined above.

31. There are questions of law or fact common to the Classes, which common issues predominate over any issues involving only individual class members. Factual and/or legal issues common to each class member include:

a.    Whether ExamWorks's conduct is governed by the TCPA;

b.    Whether the pre-recorded voice messages sent by ExamWorks violate the TCPA;

c.    Whether GEICO is liable for any pre-recorded voice messages, sent by ExamWorks, that violate the TCPA;

d.    Whether the class members are entitled to treble damages based upon the knowing/willfulness of Defendants' conduct; and

e.    Whether Defendants should be enjoined from engaging in such conduct in the future.

7

119517

32. Plaintiff's claim is typical of those of the members of the Classes. Within the Classes, all claims are based on the same material facts and legal theories.

33. Plaintiff will fairly and adequately protect the interests of the Classes. He has retained counsel experienced in handling actions involving unlawful practices under the TCPA and class actions. Neither Plaintiff nor his counsel has any interest that might cause them not to vigorously pursue this action.

34. Certification of each Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate because:

    a.    The questions of law or fact common to the members of the Classes predominate over any questions affecting individual members; and

    b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. Certification of each Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate because GEICO and ExamWorks have acted on grounds generally applicable to the members of the Classes, thereby making injunctive or declaratory relief appropriate with respect to each Class as a whole.

36. Plaintiff requests that each Class be certified as a hybrid class under Rule 23(b)(3) for monetary damages, and pursuant to Rule 23(b)(2) for injunctive relief.

## COUNT I
## NEGLIGENT VIOLATIONS OF § 227(b) OF THE TCPA

37. Plaintiff incorporates the above factual allegations.

38. Plaintiff brings this claim on behalf of himself and the Class and Sub-Class.

119517

39. Defendants made unwanted telephone calls with pre-recorded voice messages to the cellular telephones of Plaintiff and the members of the Class and Sub-Class.

40. The pre-recorded voice calls were made, on behalf of GEICO, by ExamWorks without the prior express consent of the recipients and were not made for emergency purposes.

41. The aforesaid calls violate the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) which makes it "unlawful for any person within the United States … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice."

42. WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the classes, and against ExamWorks and GEICO, for:

    a. An order certifying this case to proceed as a class action under Fed. R. Civ. Pro. 23;

    b. Statutory damages of $500 per call for negligent violations of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Declaration that ExamWorks used prerecorded messages in violation of the TCPA without prior express consent;

    d. Declaration that GEICO is liable for the pre-recorded voice messages made by ExamWorks.

    e. An injunction requiring Defendants cease all communications in violation of the TCPA;

    f. Reasonable attorney's fees and costs to be awarded by the Court if a class wide judgment is entered; and

119517

g. Such further relief as this Court may deem appropriate.

## COUNT II
## KNOWING VIOLATIONS OF § 227(b) OF THE TCPA

43. Plaintiff incorporates the above allegations.

44. Defendants made unwanted telephone calls pre-recorded voice messages to the cellular telephones of Plaintiff and the members of the Class and Sub-class.

45. The pre-recorded voice calls were made after ExamWorks knew or should have known that it did not have consent to call the class members, especially for the Sub-Class, since ExamWorks knew these were not GEICO customers who provided their telephone numbers to GEICO.

46. The aforesaid calls violate the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice.".

47. Each of the aforementioned calls by ExamWorks on behalf of GEICO constitutes a willful violation of the TCPA.

48. WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the Class and Sub-Class, and against Defendants for:

a.      An order certifying this case to proceed as a class action;

b.      Statutory damages of up to $1,500 per call for each knowing/willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

119517

c.      Such further relief as this Court may deem appropriate.

## VII. JURY DEMAND

Plaintiff demands trial by jury.

Dated: October 25, 2021

Respectfully Submitted,

*/s/ Phillip Robinson*
Phillip Robinson
**Consumer Law Center LLC**
Bar No. 27824
10125 Colseville Road, Suite 378
Silver Spring MD 20901
Phone: (301) 448-1304
Email: phillip@marylandconsumer.com

Keith James Keogh (to be admitted)
Timothy J. Sostrin (*pro hac vice* to be submitted)
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
Telephone: (312) 726-1092
Facsimile: (312) 726-1093
Email: keith@keoghlaw.com
          tsostrin@keoghlaw.com

Christopher P. Martineau, Esq. (*pro hac vice* to be submitted)
Attorney I.D.#0329265
2233 Hamline Avenue North, Suite 102
Roseville, MN 55113
Telephone:  (612) 767-7790
Facsimile: (612) 379-0480
cmartineau@jmlegal.com

*Attorneys for Plaintiff*

119517