IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL SMITH** | * | |
| **Plaintiffs,** | * | **Case No.:  8:21-cv-02746-PWG** |
| **v.** | * | |
| **EXAMWORKS, LLC,** *et al.* | * | |
| **Defendants.** | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Government Employees Insurance Company ("GEICO"), by and through its attorneys, answers and sets forth its affirmative defenses to Plaintiff Michael Smith's ("Smith") Complaint ("Complaint") as follows:

## INTRODUCTION

1.      This case involves prerecorded robocalls by ExamWorks, LLC ("ExamWorks") on behalf of Government Employees Insurance Company ("GEICO") (jointly as "Defendants") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

**ANSWER:**    GEICO admits that Smith's Complaint purports to assert a cause of action under the TCPA. GEICO denies all other allegations of this paragraph.

2.      Plaintiff Smith and the putative class members did not provide either ExamWorks or GEICO with their cellular phone numbers or otherwise consent to receive prerecorded messages from ExamWorks or GEICO on their cellular telephones.

**ANSWER:**    GEICO denies the allegations of this paragraph.

3.      By effectuating these unauthorized pre-recorded voice message calls, Defendants

caused actual harm, not only by subjecting consumers to the aggravation that necessarily accompanies prerecorded calls, but also because consumers must take time interacting with the prerecorded calls, frequently must pay their cell phone service providers for the receipt of such calls, and because such calls invade a person's expectation of privacy, diminish cellular battery life, waste data storage capacity, and intrude upon their seclusion.

**ANSWER:**   GEICO denies the allegations of this paragraph.

## II. JURISDICTION AND VENUE

4.     The Court has jurisdiction over this class action lawsuit under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Venue in this District is proper because a substantial part of the acts and transactions giving rise to these claims occurred in this District, and because GEICO is headquartered in this District.

**ANSWER:**   GEICO admits that this court has subject matter jurisdiction over Smith's claims, that it is headquartered in this District, and that venue in this District is proper. GEICO denies the remaining allegations of this paragraph.

## III. INTERESTED PARTIES

5.     Plaintiff, Michael Smith (hereinafter, "Plaintiff" or "Mr. Smith"), is a natural person, and a resident of the State of Minnesota, residing in Ramsey County, Minnesota.

**ANSWER:**   GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6.     Defendant Government Employees Insurance Company ("GEICO") is a Maryland corporation and is headquartered at 5260 Western Avenue, Chevy Chase MD 20185.

**ANSWER:**   GEICO admits that it is a Nebraska Corporation with its principal offices

2

located at 5260 Western Avenue, Chevy Chase, Maryland 20815.  GEICO denies the remaining allegations of this paragraph.

7.      GEICO is the second largest auto insurance company in the United States.

**ANSWER:**    GEICO admits that it is one of the largest auto insurance companies in the United States, depending on the metrics used to gauge size.  GEICO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

8.      Defendant ExamWorks, LLC ("ExamWorks") is a Delaware Limited Liability Company and is headquartered at 3280 Peachtree Road NE, Suite 2625, Atlanta GA 30305.

**ANSWER:**    GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9.      ExamWorks clients include insurers, such as GEICO to provide medical reports to clarify, resolve or settle a case.

**ANSWER:**    GEICO admits that ExamWorks facilitates Independent Medical Exams ("IMEs") of certain individuals who have submitted claims to GEICO. GEICO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

10.     ExamWorks operates throughout the United States.

**ANSWER:**    GEICO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## IV.  TCPA PROHIBTS [sic] UNWANTED CALLS TO
## CELL PHONES USING PRE-RECORDED VOICES

11.     The TCPA prohibits any unconsented, non-emergency phone calls to a cell phone

using a prerecorded voice. See 47 U.S.C. § 227(b)(1).

**ANSWER:**     The allegations of this paragraph state legal conclusions, arguments, and

opinions to which no response is required. To the extent a response is required, GEICO admits

that the TCPA prohibits certain calls that utilize a prerecorded voice to cell phones and denies

the remaining allegations of this paragraph.

12.     According to the Federal Communication Commission ("FCC"), which is the

agency Congress vested with authority to issue regulations implementing the TCPA, such calls

are prohibited because, as Congress found, automated or prerecorded telephone calls are a

greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly

and inconvenient. The FCC also recognized that wireless customers are often charged for

incoming calls whether they pay in advance or after the minutes are used. *See* Rules and

Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-

278, Report and Order, 18 FCC Rcd 14014 (2003).

**ANSWER:**     The allegations of this paragraph state legal conclusions, arguments, and

opinions to which no response is required. To the extent a response is required, GEICO denies

that this paragraph accurately quotes or characterizes the cited authorities or sets forth all

relevant provisions of applicable law and denies the remaining allegations of this paragraph.

13.    The TCPA provides a private cause of action to persons who receive calls in

violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

**ANSWER:**     The allegations of this paragraph state legal conclusions, arguments, and

4

opinions to which no response is required. To the extent a response is required, GEICO admits

that the TCPA provides a private cause of action to certain persons who receive calls in violation

of 47 U.S.C. § 227(b)(1)(A). GEICO denies the remaining allegations of this paragraph.

## V.  FACTUAL ALLEGATIONS SPECIFIC TO MR. SMITH

14.     On April 30, 2021, Mr. Smith was a passenger in a motor vehicle involved in a

motor vehicle collision that required medical care.

**ANSWER:**    GEICO admits that Plaintiff filed a claim with GEICO, contending that he

was a passenger in a motor vehicle involved in an April 30, 2021 collision.  GEICO lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of this paragraph.

15.     At the time of this collision, the vehicle's owner's motor vehicle insurance carrier

was the Government Employees Insurance Company (hereinafter "GEICO"). Plaintiff was not a

customer or policyholder of GEICO.

**ANSWER:**    GEICO admits that the alleged driver of the vehicle had a GEICO

automobile insurance policy and that Smith was not specifically named as an additional insured

party on that policy. GEICO lacks knowledge or information sufficient to form a belief as to the

remaining allegations of this paragraph.

16.     GEICO contracted with ExamWorks to conduct an adversarial medical

examination in relation to the claim that Plaintiff filed with GEICO.

**ANSWER:**    GEICO admits that ExamWorks facilitated an IME that was related to the

claim Plaintiff filed with GEICO. GEICO denies the remaining allegations of this paragraph.

17.     On or before August 20, 2021, GEICO provided ExamWorks with Plaintiff's

contact information, including his cellular telephone number, and instructed or authorized

ExamWorks to contact Plaintiff's cellular telephone.

     **ANSWER:**   GEICO admits that ExamWorks obtained Plaintiff's contact information

from GEICO.  GEICO lacks knowledge or information sufficient to form a belief as to the truth

of the remaining allegations of this paragraph.

     18.    At no time did Plaintiff provide his cellular telephone number to GEICO or

ExamWorks, and Plaintiff did not provide GEICO or ExamWorks with consent to call his cellular

telephone number.

     **ANSWER:**   GEICO lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph.

     19.    On or about August 20, 2021, ExamWorks invaded Mr. Smith's privacy by

calling his cellular telephone number ending in 8391, with a generated text message to attend an

adversarial examination for GEICO's use and benefit that ExamWorks scheduled for him.

     **ANSWER:**   GEICO lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph.

     20.    The purpose of ExamWorks' text to Mr. Smith's cellular telephone number

ending in 8391 on August 20, 2021, was not to provide Mr. Smith with any medical advice, but

instead at the direction of GEICO for its use against Plaintiff relating to the insurance claim.

     **ANSWER:**   GEICO denies that it directed ExamWorks to send a text message to

Plaintiff for its use against Plaintiff.  GEICO lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of this paragraph.

     21.    ExamWorks also invaded Mr. Smith's privacy again by calling him with a pre-

recorded voice call to his cellular telephone ending in 8391 on August 20, 2021, with the following

message:

> …regarding an upcoming medical examination from ExamWorks. To hear this message in Spanish, please press 1. Para escuchar este mensaje en español, presione uno. This is an appointment reminder call for Michael Smith. You have an upcoming medical examination scheduled with Dr. Jeffrey Nipper on Saturday August 21, 2021 at 11:30 AM at 1585 Blaire Avenue, St. Paul Minnesota, 55104. Please bring your photo ID to the exam. A mask will be required to enter the exam facility. Please make sure you bring your own mask as it will not be provided by the examining physician. Also, please listen to the following questions carefully. If your answer to any of these questions is yes, please call 952-229-8500 to discuss your upcoming examination. Question 1: have you been diagnosed with COVID- 19 in the last 14 days? Question 2: have you had fever, chills, cough, shortness of breath, sore throat, or any other flu like symptoms within the past 14 days? Question 3: have you traveled internationally in the past 14 days? Question 4: have you had close contact, defined as closer than six feet for ten minutes or more, with someone who has been diagnosed with or suspected to have COVID-19 in the past 14 days? Question 5: have you been mandated to go into quarantine by your physician or a department of health within the past 14 days? If you answered yes to any of these questions, please call our office at 952-229-8500 to discuss your examination. Please press 2 to confirm this appointment. If you have any questions regarding this appointment, please press 3 to be connected to an office representative or call 952-229-8500. To repeat this message, please press 9. Thank you.

**ANSWER:**   GEICO lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph.

22.     ExamWorks placed additional, unauthorized calls on behalf of GEICO to Mr.

Smith's cellular telephone, which again invaded Mr. Smith's privacy, on at least September 20,

2021, September 21, 2021, September 22, 2021 and September 23, 2021 with a pre-recorded

voice call, to try to get him to agree to attend a second adversarial examination ExamWorks

scheduled for him for GEICO's benefit in adjusting Plaintiff's insurance claim.

**ANSWER:**   GEICO lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph.

23.     Neither Defendant had consent to place these prerecorded calls to Plaintiff's

cellular telephone number ending in 8391. Mr. Smith did not provide GEICO or ExamWorks his

cellular telephone number ending in 8391, nor asked to be called by them at his cellular telephone

number ending in 8391 for any reason

**ANSWER:**   GEICO lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph.

24.   Given ExamWorks' extensive use of prerecorded voice messages to attempt to

contact consumers on behalf of its clients, including GEICO, there are likely thousands of

putative class members as further described herein.

**ANSWER:**   GEICO denies that Smith can bring claims on a class basis, denies that any

classes can be certified, denies that Smith or the purported classes have any claims against

GEICO or are entitled to any relief against GEICO, and otherwise denies the allegations of this

paragraph.

## GEICO'S LIABILITY FOR THE PRERECORDED CALLS

25.   The FCC has explained in its January 4, 2008 ruling, that a company on whose

behalf a telephone call is made bears the responsibility for any violations. *In re Rules and

Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559,

565 (January 4, 2008) (specifically recognizing "on behalf of" liability in the context of an

autodialed or prerecorded message call sent to a consumer by a third party on another entity's

behalf under 47 U.S.C. § 227(b)).

**ANSWER:**   The allegations of this paragraph state legal conclusions, arguments, and

opinions to which no response is required. To the extent a response is required, GEICO denies

that this paragraph accurately quotes or characterizes the cited authorities or sets forth all

relevant provisions of applicable law and denies the remaining allegations of this paragraph.

26.    Here GEICO contracted with ExamWorks to communicate with claimants, provided ExamWorks with the cellular telephone numbers to be called, and knowingly and actively accepted the benefit of scheduling the examinations in order to use them against the claimants In [sic] adjusting claims.

**ANSWER:**    GEICO admits that ExamWorks facilitates IMEs of certain individuals who have submitted claims to GEICO. GEICO denies that it contracted with ExamWorks to communicate with claimants on GEICO's behalf and denies the remaining allegations of this paragraph.

27.    By hiring a company to make calls on its behalf, GEICO "manifest[ed] assent to another person . . . that the agent shall act on the principal's behalf and subject to the principal's control" as described in the Restatement (Third) of Agency.

**ANSWER:**    GEICO admits that ExamWorks facilitates IMEs of certain individuals who have submitted claims to GEICO. GEICO denies that it hired ExamWorks to make calls on GEICO's behalf, denies that ExamWorks is GEICO's agent, denies that GEICO manifested assent to any type of agency relationship and denies the remaining allegations of this paragraph.

## VI.  CLASS ACTION ALLEGATIONS

28.    This action is brought on behalf of all [sic] the following class and sub-class:

(a)  TCPA Prerecorded Class consists of: (1) All persons in the United States who were called with a pre-recorded voice message by ExamWorks (or any party on behalf of ExamWorks); (2) to their cellular telephone provided to ExamWorks by GEICO; (3) during the four-year period prior to filing the complaint in this

action through the date of certification; and (4) where the called party did not

provide the cellular number called to either GEICO or ExamWorks.

(b) Non-GEICO Policyholder Sub-class of all persons in the TCPA Prerecorded

Class who were not GEICO customers or policyholders at the time of the

prerecorded message to their cellular telephone.

**ANSWER:**   GEICO denies that Smith can bring claims on a class basis, denies that any classes can be certified, denies that Smith or the purported classes have any claims against GEICO or are entitled to any relief against GEICO, and otherwise denies the allegations of this paragraph.

29.   Excluded from the Classes are Defendants, their legal representatives, assigns, and successors, and any entity in which ExamWorks or GEICO have a controlling interest. Also excluded from the Classes are the Judge to whom this case is assigned, the Judge's immediate family, and Plaintiff's counsel and their employees. Plaintiff reserves the right to amend the above-stated class and sub-class definitions based on facts learned in discovery.

**ANSWER:**   GEICO denies that Smith can bring claims on a class basis, denies that any classes can be certified, denies that Smith or the purported classes have any claims against GEICO or are entitled to any relief against GEICO, and otherwise denies the allegations of this paragraph.

30.   Plaintiff alleges on information and belief, based on Defendants national scope and use of auto generated text messages and pre-recorded voice messages, that the Classes are so numerous that joinder of all members is impractical. There are more than 41 individuals in the Class and Sub-Class as defined above.

**ANSWER:**    GEICO denies that Smith can bring claims on a class basis, denies that any classes can be certified, denies that Smith or the purported classes have any claims against GEICO or are entitled to any relief against GEICO, and otherwise denies the allegations of this paragraph.

31.    There are questions of law or fact common to the Classes, which common issues predominate over any issues involving only individual class members. Factual and/or legal issues common to each class member include:

a.    Whether ExamWorks's conduct is governed by the TCPA;

b.    Whether the pre-recorded voice messages sent by ExamWorks violate the TCPA;

c.    Whether GEICO is liable for any pre-recorded voice messages, sent by ExamWorks, that violate the TCPA;

d.    Whether the class members are entitled to treble damages based upon the knowing/willfulness of Defendants' conduct; and

e.    Whether Defendants should be enjoined from engaging in such conduct in the future.

**ANSWER:**    GEICO denies that Smith can bring claims on a class basis, denies that any classes can be certified, denies that Smith or the purported classes have any claims against GEICO or are entitled to any relief against GEICO, and otherwise denies the allegations of this paragraph.

32.    Plaintiff's claim is typical of those of the members of the Classes. Within the Classes, all claims are based on the same material facts and legal theories.

**ANSWER:**     GEICO denies that Smith can bring claims on a class basis, denies that any classes can be certified, denies that Smith or the purported classes have any claims against GEICO or are entitled to any relief against GEICO, and otherwise denies the allegations of this paragraph.

33.     Plaintiff will fairly and adequately protect the interests of the Classes. He has retained counsel experienced in handling actions involving unlawful practices under the TCPA and class actions. Neither Plaintiff nor his counsel has any interest that might cause them not to vigorously pursue this action.

**ANSWER:**     GEICO denies that Smith can bring claims on a class basis, denies that any classes can be certified, denies that Smith or the purported classes have any claims against GEICO or are entitled to any relief against GEICO, and otherwise denies the allegations of this paragraph.

34.     Certification of each Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate because:

a.     The questions of law or fact common to the members of the Classes predominate over any questions affecting individual members; and

b.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER:**     GEICO denies that Smith can bring claims on a class basis, denies that any classes can be certified, denies that Smith or the purported classes have any claims against GEICO or are entitled to any relief against GEICO, and otherwise denies the allegations of this paragraph.

35.     Certification of each Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate because GEICO and ExamWorks have acted on grounds generally applicable to the members of the Classes, thereby making injunctive or declaratory relief appropriate with respect to each Class as a whole.

**ANSWER:**     GEICO denies that Smith can bring claims on a class basis, denies that any classes can be certified, denies that Smith or the purported classes have any claims against GEICO or are entitled to any relief against GEICO, and otherwise denies the allegations of this paragraph.

36.     Plaintiff requests that each Class be certified as a hybrid class under Rule 23(b)(3) for monetary damages, and pursuant to Rule 23(b)(2) for injunctive relief.

**ANSWER:**     GEICO denies that Smith can bring claims on a class basis, denies that any classes can be certified, denies that Smith or the purported classes have any claims against GEICO or are entitled to any relief against GEICO, and otherwise denies the allegations of this paragraph.

## COUNT I
## NEGLIGENT VIOLATIONS OF § 227(b) OF THE TCPA

37.     Plaintiff incorporates the above factual allegations.

**ANSWER:**     GEICO incorporates its responses and answers to the above factual allegations.

38.     Plaintiff brings this claim on behalf of himself and the Class and Sub-Class.

**ANSWER:**     GEICO admits that Smith purports to bring his claim on behalf of himself and a putative class. GEICO denies that Smith can represent any such class, denies that any such class can be certified, denies that Smith or the putative classes have claims against GEICO, and

13

denies all other remaining allegations of this paragraph.

39.     Defendants made unwanted telephone calls with pre-recorded voice messages to the cellular telephones of Plaintiff and the members of the Class and Sub-Class.

**ANSWER:**    GEICO denies the allegations of this paragraph.

40.     The pre-recorded voice calls were made, on behalf of GEICO, by ExamWorks without the prior express consent of the recipients and were not made for emergency purposes.

**ANSWER:**    GEICO denies the allegations of this paragraph.

41.     The aforesaid calls violate the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) which makes it "unlawful for any person within the United States … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice."

**ANSWER:**    GEICO denies the allegations of this paragraph.

42.     WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the classes, and against ExamWorks and GEICO, for:

> a. An order certifying this case to proceed as a class action under Fed. R. Civ. Pro. 23;
>
> b. Statutory damages of $500 per call for negligent violations of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);
>
> c. Declaration that ExamWorks used prerecorded messages in violation of the TCPA without prior express consent;
>
> d. Declaration that GEICO is liable for the pre-recorded voice messages made by ExamWorks.

14

     e.   An injunction requiring Defendants cease all communications in violation of the

         TCPA;

     f.   Reasonable attorney's fees and costs to be awarded by the Court if a class

         wide judgment is entered; and

     g.   Such further relief as this Court may deem appropriate.

**ANSWER:**    GEICO denies that Smith or putative class members are entitled to any of

the relief sought and denies the remaining allegations of this paragraph.

**COUNT II**
**KNOWING VIOLATIONS OF § 227(b) OF THE TCPA**

43.    Plaintiff incorporates the above allegations.

**ANSWER:**    GEICO incorporates its responses and answers to the above factual

allegations.

44.    Defendants made unwanted telephone calls pre-recorded voice messages to the

cellular telephones of Plaintiff and the members of the Class and Sub-class.

**ANSWER:**    GEICO denies the allegations of this paragraph.

45.    The pre-recorded voice calls were made after ExamWorks knew or should have

known that it did not have consent to call the class members, especially for the Sub-Class, since

ExamWorks knew these were not GEICO customers who provided their telephone numbers to

GEICO.

**ANSWER:**    GEICO denies the allegations of this paragraph.

46.    The aforesaid calls violate the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes

it "unlawful for any person within the United States . . . to make any call (other than a call made

for emergency purposes or made with the prior express consent of the called party) using any

automatic telephone dialing system or an artificial or prerecorded voice.".

**ANSWER:**   GEICO denies the allegations of this paragraph.

47.     Each of the aforementioned calls by ExamWorks on behalf of GEICO constitutes a willful violation of the TCPA.

**ANSWER:**   GEICO denies the allegations of this paragraph.

48.     WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the Class and Sub-Class, and against Defendants for:

a.      An order certifying this case to proceed as a class action;

b.      Statutory damages of up to $1,500 per call for each knowing/willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

c.      Such further relief as this Court may deem appropriate.

**ANSWER:**   GEICO denies that Smith or putative class members are entitled to any of the relief sought and denies the remaining allegations of this paragraph.

## VII.  JURY DEMAND

Plaintiff demands trial by jury.

**ANSWER:**   GEICO requests a jury trial as to all claims so triable.

## **AFFIRMATIVE DEFENSES**

GEICO does not concede or waive the issue of which party bears the burden of proof as to any of the following:

### **Consent**

1.     Pleading affirmatively, GEICO asserts that proper consent was obtained to place the alleged telephone calls to Smith and putative class members.

### **Vicarious Liability**

2.     Pleading affirmatively, GEICO asserts that it is not liable for the alleged calls because any such calls would have been made by third parties for whose actions GEICO cannot be held vicariously liable.

### **Established Business Relationship**

3.     Pleading affirmatively, GEICO asserts that there was an Established Business Relationship ("EBR") with Smith and/or putative class members as that term is defined under the TCPA.

### **Standing**

4.     Pleading affirmatively, GEICO asserts that Smith and putative class members are not within the zone of interests protected by the TCPA to the extent that the cellular phone numbers allegedly called were listed and associated with commercial business ventures and to the extent Smith and putative class members are not the owners of, or subscribers to, the telephone numbers to which the alleged calls were placed.

**Frolic & Detour**

5.      Pleading affirmatively, GEICO asserts that, to the extent any violation of the TCPA was committed by agents or employees of GEICO, such conduct by such agents or employees was unauthorized, outside the ambit of their direct duties, and not in furtherance, but in direct contravention, of GEICO's policies. GEICO is not liable for such acts.

**Constitutionality**

6.      Pleading affirmatively, GEICO asserts that, to the extent Smith and/or putative class members assert claims for any allegedly violative calls that Smith and/or putative class members received prior to July 6, 2020, such calls are not actionable under the TCPA because the Supreme Court's decision in *Barr v. Am. Ass'n of Political Consultants (AAPC)*, 140 S. Ct. 2335 (2020) was as an adjudication that the entire TCPA was unconstitutional from the moment Congress enacted the government-debt exemption to the TCPA as a part of the Bipartisan Budget Act of 2015 until the Supreme Court struck the exemption in *Barr. See, e.g., Creasy v. Charter Comms., Inc.*, 20-cv-1199, 2020 U.S. Dist. LEXIS 177798 (E.D. La. September 28, 2020).

7.      Pleading affirmatively, GEICO asserts that the TCPA violates the First, Fifth, and Eighth Amendments to the Constitution of the United States and is unconstitutional under State law.

**Statute of Limitations**

8.      Pleading affirmatively, GEICO asserts that, to the extent Smith and putative class members make claims for violations that occurred more than four years prior to the date of the complaint, Smith's and putative class members' claims are barred by the applicable statutes of limitations. 28 U.S.C. § 1658(a).

18

## Reassigned Numbers

9.    Pleading affirmatively, GEICO asserts that, to the extent applicable, Smith's and putative class members' claims are barred by rulings exempting calls to reassigned phone numbers from TCPA liability.

## Improper Revocation

10.    Pleading affirmatively, GEICO asserts that Smith's and putative class members' claims are barred to the extent consent to receive any of the alleged calls at issue was improperly revoked.

## Article III Standing

11.    Pleading affirmatively, GEICO asserts that Smith's and putative class members' interests were not violated by the alleged calls as they did not constitute the nuisance, invasion of privacy, cost, and inconvenience from which Congress intended to protect consumers and, accordingly, Smith and putative class members have not suffered concrete or particularized injuries traceable to any action of GEICO sufficient to satisfy Article III or statutory standing requirements.

12.    Pleading affirmatively, GEICO asserts that Smith and/or putative class members have no Article III standing for any calls that were blocked by call-blocking technology, not answered or noticed, or otherwise not completed because such calls do not constitute the nuisance, invasion of privacy, cost, and inconvenience from which Congress intended to protect consumers. *TransUnion LLC v. Ramirez*, No. 20-297, 2021 U.S. LEXIS 3401 (June 25, 2021).

## TCPA Regulations are Not Statutory Rules

13.     To the extent Smith seeks to hold GEICO liable for any violations of regulations promulgated by the Federal Communications Commission, GEICO asserts that the Federal Communications Commission exceeded its authority in promulgating such regulations. Pleading further, GEICO asserts that the Federal Communications Commission's orders relating to the placement of calls to telephone numbers registered on the National Do Not Call Registry are interpretive, rather than legislative, rules.

## Inadequate Opportunity to Review Administrative Orders

14.     GEICO asserts that it did not have an adequate opportunity to seek review of the Federal Communications Commission's orders relating to the placement of calls to telephone numbers registered on the National Do Not Call Registry.

## Indemnification

15.     Pleading affirmatively, GEICO asserts that, to the extent GEICO could be deemed to be liable for any damages, GEICO is entitled to indemnification from one or more third parties.

## FCC Exemptions

16.     Pleading affirmatively, GEICO asserts that Smith's and/or putative class members' claims are barred by rulings exempting certain types of calls from TCPA liability, including but not limited to calls concerning COVID-19, healthcare-related calls, and calls regarding appointment reminders.

## Reservation

17.     GEICO does not yet have knowledge of all facts and evidence surrounding this

matter and, as a result, reserves its right to amend its Answer to raise additional affirmative defenses as they are discovered.

Dated: December 30, 2021                                    Respectfully submitted,

                                                           */s/ Susan DuMont*
                                                           Susan DuMont
                                                           (Federal Bar No. 20580)
                                                           Miles & Stockbridge P.C.
                                                           100 Light Street
                                                           Baltimore, Maryland 21202
                                                           Telephone: (410) 727-6464
                                                           Facsimile: (410) 385-3700
                                                           sdumont@milesstockbridge.com


                                                           */s/ Martin W. Jaszczuk*
                                                           Martin W. Jaszczuk (admitted *pro hac vice*)
                                                           (signed by Susan DuMont with permission)
                                                           Seth H. Corthell (admitted *pro hac vice*)
                                                           JASZCZUK P.C.
                                                           30 South Wacker Drive, Suite 2200
                                                           Chicago, Iillinois 60606
                                                           Telephone: (312) 442-0509
                                                           Facsimile: (312) 442-0519
                                                           mjaszczuk@jaszczuk.com
                                                           scorthell@jaszczuk.com

                                                           *Attorneys for Government Employees*
                                                           *Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 30, 2021 a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system and served to all parties via email through CM/ECF.

*/s/ Susan DuMont*
Susan DuMont