IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL SMITH, individually and on behalf of all similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>EXAMWORKS, LLC, *et al.*,<br><br>    Defendants. | Case No. 8:21-cv-02746-PX |

**MEMORANDUM ORDER**

Pending in this consumer protection class action is Plaintiff Michael Smith ("Smith")'s motion to amend the Complaint against Defendants ExamWorks, LLC ("ExamWorks") and Government Employees Insurance Company ("GEICO") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. The case arises from ExamWorks having placed non-emergency, prerecorded calls to individual cell phone numbers supplied by GEICO, and allegedly without the called parties' consent. ECF No. 1. Discovery is underway and not set to close until September 2025. ECF No. 167.

Smith now moves to amend the Complaint solely to modify one subpart of the class definition. The current proposed "TCPA Pre-Recorded class" consists of "all persons in the United States" who:

(1) were called with a pre-recorded voice message by ExamWorks (or any party on behalf of ExamWorks);

(2) to their cellular telephone provided to ExamWorks by GEICO;

(3) during the four-year period prior to filing the complaint in this action through the date of certification; and

1

(4) where the called party did not provide the cellular number called *to either* GEICO *or* ExamWorks.

ECF No. 1 at 6.  (emphasis added).  The proposed amendment seeks to eliminate the reference to GEICO in subsection (4) so that the amended definition would read "where the called party did not provide the cellular number called to ExamWorks."   ECF No. 127 at 2;  ECF No. 127-2 at 7.

Smith contends that the proposed amendment is merely clarifying and will help to streamline, not complicate, future litigation.  ECF No. 127 at 2.  Defendants oppose amendment as both futile and prejudicial.  ECF Nos. 130 & 131.  Because Smith advances the better argument, the Court will grant the motion.

Federal Rule of Civil Procedure 15(a)(2) directs that amendment should be "freely" granted "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The motion should be denied only where (1) amendment would prejudice the nonmovant; (2) is futile; or (3) is brought in bad faith.  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  An amendment is futile when it "is clearly insufficient or frivolous on its face."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).  To ascertain whether amendment is futile, the Court applies the same pleading standards applicable to a motion to dismiss.  *Carter v. MV Transp., Inc.* No. RWT 09cv0527, 2011 WL 10591753, at *2 (D. Md. Feb. 14, 2011).

Defendants first argue that the Court should deny amendment as futile because the newly defined putative class is incapable of class-wide certification under Federal Rule of Civil Procedure 23.  ECF No. 130 at 7–8 (touching on issues of predominance, over-inclusivity, and whether the class is ascertainable); ECF No. 131 at 8 (noting "it would be futile to include persons who provided their phone numbers to Geico because Plaintiff is not representative of such persons.").  The arguments, however, are premature.  The propriety of class certification is best addressed at the

certification stage, not as part of the Rule 15 analysis.  Fed. R. Civ. P. 23.  *See also Int'l Woodworkers of Am., AFL-CIO, CLC v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1268 (4th Cir. 1981) ("It is seldom, if ever, possible to resolve class representation questions from the pleadings…").  Thus, the Court declines to reach the propriety of certification here.  Defendants are free to resurrect any such arguments at the certification stage.

GEICO next contends that the proposed amendment is futile because the amendment would "add[] individuals to the class who lack available claims," ECF No. 130 at 6.  This argument depends on GEICO's misreading of the Court's prior decision.  Contrary to GEICO's position, the Court had not found as a matter of law that "voluntary provision of one's phone number" to GEICO "constitutes [a caller'] consent to receive informational calls."  ECF No. 130 at 7, citing ECF No. 115.  The Court's previous decision focused on whether the provision of Smith's number to GEICO by a third party (Jenkins) amounted to "consent" under the TCPA.  ECF No. 115.  The Court denied GEICO's summary judgment motion because as to Smith, "consent" was fact dependent, and thus, incapable of resolution as a matter of law.  ECF No. 115 at 7 ("Although GEICO asks this Court to conclude as a matter of law that Jenkins' provision of the 8391 number constitutes Smith's consent, *the Court cannot agree.*"); *id.* at 9 (emphasis added).  Thus, the amendment does not add to the class individuals who lack claims.

GEICO next seems to argue that amending the class definition as Smith suggests somehow "expands" the putative class.  ECF No. 130 at 9.  The Court cannot agree.  As originally written, the class definition allowed for inclusion of class members who had *not* given their numbers to *either* GEICO *or* ExamWorks.  ECF No. 1 at 6.  Because the class definition is stated in the disjunctive (expressing a choice between two mutually exclusive possibilities), the original definition always allowed a person to be part of the class even if the person had given her cell phone

number to GEICO, so long as the person had *not* given it to ExamWorks.  *Id.*   The same holds true under the amended definition:  a person could be a member of the class if she gave her number to GEICO but had *not* given the number to ExamWorks.  In this respect, the proposed amendment does little to alter the potential class composition.

For the same reason, the Court cannot credit ExamWorks' argument that amendment would create a "newly defined" class.  ECF No. 131 at 10.  Because the original class definition always permitted class members who had given their cellphone number to GEICO but not ExamWorks, the proposed amendment does not create any such new class.

Nor does the amendment create new or unforeseen discovery obligations.  ECF Nos. 130 at 9–10 & 131 at 12–15.  Discovery always contemplated the universe of parties who had provided their numbers to GEICO but not ExamWorks because that criterion was always part of the class definition.   Based on this, the proposed clarification can only streamline, not complicate, discovery.

Lastly, allowing amendment affords GEICO and ExamWorks additional time to defend against class certification.  If anything, amendment in advance of Smith's motion to certify seems to minimize surprise and unfair prejudice to Defendants.  *Cf. Henderson*, 2016 WL 4611571, at *4 (quoting *In re Monumental Life Ins. Co.,* 365 F.3d 408, 414 (5th Cir. 2004)) (noting that some courts "required an amendment" of the class definition in advance of certification motions).   For these reasons, the Court has been given no good ground to deny amendment.

Accordingly, for the reasons stated in the foregoing, it is this 1st day of May 2025, by the United States District Court for the District of Maryland, ORDERED that:

(1)     Plaintiff Michael Smith's Motion to Amend the Complaint (ECF No. 127) is

        GRANTED; and

(2)    The Clerk is DIRECTED to docket ECF No. 127-1 separately as the Amended

Complaint; and

(3)    Defendant ExamWorks' Motion for Leave to File a Sur-reply (ECF No. 143)

is DENIED.[1]


5/1/2025                                                           /S/
Date                                                       Paula Xinis
                                                           United States District Judge

---

[1] Sur-replies are highly disfavored, *Roach v. Navient Solutions, Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015), and allowed principally when the moving party has not been able to address matters presented for the first time in a reply. *See Reamer v. State Auto. Mut. Ins. Co.*, 556 F. Supp. 544, 549 (D. Md. 2021). ExamWorks faults Smith for addressing in his reply Defendants' arguments regarding the supposed futility and prejudice of the proposed amendment and the scope of the Court's prior decision. ECF No. 143. None of Smith's arguments in reply are new or unforeseeable. They are merely responsive to Defendants' opposition. Accordingly, ExamWorks' motion is denied.